Joseph C. **DANIEL**, Jr., et al., Plaintiffs,

v.

Hugh **WATERS**, Chairman, Textbook Commission of the State of Tennessee, et al., Defendants.

Civ. No. 7340.

United States District Court, M. D. Tennessee, Nashville Division.

Aug. 20, 1975.

Frederic S. LeClercq, Knoxville, Tenn., for plaintiffs.

R. A. Ashley, Jr., Atty. Gen. of Tenn., and C. Hayes Cooney, Chief Deputy Atty. Gen. of Tenn., Nashville, Tenn., for defendants.

## MEMORANDUM

FRANK GRAY, Jr., Chief Judge.

On February 26, 1974, the three-judge District Court which had been convened to determine the constitutionality of Chapter 377 of the 1973 Public Acts of Tennessee [1] entered an Order abstaining from a decision on the merits pending completion of proceedings involving the same statute in the State court, but retaining jurisdiction of the case. Pursuant to a decision of the United States Supreme Court vacating the Order of February 26 and remanding the case to the three-judge court for entry of a "fresh judgment from which a timely appeal may be taken to the Court of Appeals," the court, on September 5, 1974, re-entered its Order of February 26.

On appeal, the Court of Appeals for the Sixth Circuit found that the Tennessee statute violated the provisions of that portion of the First Amendment to the United States Constitution wherein is prohibited the passage of any law respecting the establishment of religion and, reasoning that no state court interpretation could render the statute constitutional, held that the District Court had erred in abstaining. *Daniel v. Waters*, 515 F.2d 485 (1975). The Court of Appeals interpreted the order of the United States Supreme Court as indicating that no three-judge District Court was necessary in this case because the Tennessee statute is patently unconstitutional. The Court of Appeals then vacated the judgments of the District Court and remanded the case for entry of an order dissolving the three-judge court and an order by this court granting the preliminary injunctive relief which was originally sought by the plaintiffs.

On August 11, 1975, the court entered an order dissolving the three-judge court.

■ This matter is before the court for the granting of proper relief to the plaintiffs in accordance with the opinion of the Court of Appeals. First, the court holds that, for the reasons cited by the Court of Appeals in *Daniels v. Waters, supra*, the Tennessee statute at issue is unconstitutional in that it violates the Establishment Clause of the First Amendment.

■ In addition to a finding of unconstitutionality on this basis, the court feels compelled to comment that the provisions of the statute that equal attention and emphasis be given to all other

1. The pertinent portion of the statute under attack is as follows:

"Any biology textbook used for teaching in the public schools, which expresses an opinion of, or relates to a theory about origins or creation of man and his world shall be prohibited from being used as a textbook in such system unless it specifically states that it is a theory as to the origin and creation of man and his world and is not represented to be scientific fact. Any textbook so used in the public education system which expresses an opinion or relates to a theory or theories shall give in the same textbook and under the same subject commensurate attention to, and an equal amount of emphasis on, the origins and creation of man and his world as the same is recorded in other theories, including, but not limited to, the Genesis account in the Bible."

theories of the origin and creation of life and the universe are patently unreasonable. A casual reference to the literature of cosmogony shows that there is a myriad of recorded theories of creation. Every religious sect, from the worshipers of Apollo to the followers of Zoroaster, has its belief or theory. It is beyond the comprehension of this court how the legislature, if indeed it did, expected that all such theories could be included in any textbook of reasonable size, or even that the authors of such textbook could know that all theories had in fact been included.

As to the proper relief to grant the plaintiffs, however, further discussion is necessary. The Court of Appeals remanded the case for entry of an order granting the preliminary injunctive relief originally requested by the plaintiffs. Since the entry of that decision, however, the court has received a stipulation from the parties in the case, which states, *inter alia*, that the parties admit as true the affidavits of the plaintiffs and factual allegations of the complaint, and further agree that there exists no genuine issue of material fact and that the case is ripe for summary judgment disposition pursuant to Rule 56, Federal Rules of Civil Procedure.

Obviously, then, there being no genuine issue of material fact and the court having held the statute in question to be unconstitutional, it follows that plaintiffs are entitled to summary judgment.

Counsel will submit within ten (10) days an appropriate judgment.